FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 1 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHARLES EDWARD JONES, JR.,

          Plaintiff,

      -against-

UNITED STATES PAROLE COMMISSION,
DUKE TERRELL, Warden, MDC BROOKLYN;
MR. M. FACEY; Case Manager, MDC BROOKLYN;
MR. PURDUE, Warden, RAY BROOK FEDERAL
CORRECTIONAL INSTITUTE; MR. REOME,
Property Officer, RAY BROOK FEDERAL
CORRECTIONAL INSTITUTE,

          Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-2539 (KAM)

MATSUMOTO, United States District Judge:

    Plaintiff Charles Edward Jones, Jr., currently incarcerated at Metropolitan Detention Center ("MDC") brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Cognizant of the court's duty to construe *pro se* actions liberally, the court interprets plaintiff's complaint as an action brought pursuant to Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons set forth below, plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted but plaintiff's claims are dismissed.

## BACKGROUND

    Plaintiff argues that he is being unlawfully detained in violation of a parole revocation agreement issued on December 27, 2010. (ECF No. 1, Complaint ("Compl.") at 4, dated May

1

23, 2011.) Plaintiff states that on "3-25-11 Defendant # 1 U.S. Parole Commission, rendered an action sheet that it was withdrawing the contract expedited revocation proposal, and re-instating the plaintiff's charges and ordering the plaintiff to return to Washington D.C. for another hearing." (Id. at ¶ IV.) Plaintiff seeks monetary damages and "restoration of all miscalculations in sentence computation release from custody termination of parole and seal and clear plaintiff's records (clear criminal record)." (Id. at ¶ V.)

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted). As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe his pleadings liberally and to interpret them as raising the strongest arguments they suggest, Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

## DISCUSSION

At the outset, the court notes that plaintiff has recently filed two habeas corpus actions pursuant to 28 U.S.C. § 2241 pertaining to the same claims as in the instant complaint. As

such, his claims regarding his detention and parole will be adjudicated in those actions. See Jones v. U.S. Parole Comm'n, 11-CV-2374 (KAM); Jones v. Metro. Det. Ctr., 11-CV-2470 (KAM).

Moreover, it is well settled that the United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under the terms Congress may impose. United States v. Sherwood, 312 U.S. 584 (1941); Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995). Therefore, to the extent plaintiff wishes to bring suit against the United States Parole Commission or the Federal Bureau of Prisons, which are agencies of the United States, they are immune from suit. Plaintiff's Bivens claims against the individually named defendants, who are all federal officials, in their official capacities, are also prohibited under the doctrine of sovereign immunity. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).

Although unclear, plaintiff also states that he is bringing a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"). The FTCA provides that a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The United States has waived its sovereign immunity for these certain classes of tort actions. 28 U.S.C. § 1346(b)(1). This waiver is contingent, however, on the claimant's having previously presented his or her claim to the appropriate federal agency and on that agency's having denied the claim. 28 U.S.C. § 2675(a) ("An action shall not be instituted . . .

[u]nless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent to him by certified or registered mail.")

The FTCA further provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The exhaustion requirement is jurisdictional and cannot be waived. Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)); Castellanos v. Elrac Inc., No. 07-CV-2191, 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008); Infante v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 846, 2007 WL 1334966, at *2 (S.D.N.Y. May 7, 2007). Here, there is no indication that plaintiff has presented a claim regarding his negligence claim to the appropriate Federal agency, or that a final decision has been made on such a claim. Therefore, the court is without jurisdiction to hear plaintiff's FTCA claim until he has exhausted his administrative remedies.

## CONCLUSION

Accordingly, plaintiff's claims are dismissed. 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 12(h)(3). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for

purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to serve a copy of this Memorandum and Order on plaintiff and note service on the docket, enter judgment in favor of defendants and close this case.

SO ORDERED.                                          /S/

———————————————
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
       August 11, 2011